**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-2648 & 22-3166
_____

EARLE ASPHALT CO.; LUIS SILVERIO; ASSOCIATED BUILDERS
AND CONTRACTORS INC., NEW JERSEY CHAPTER,
                                        Appellants in No. 22-2648

v.

COUNTY OF CAMDEN; CAMDEN COUNTY IMPROVEMENT AUTHORITY;
UNITED BUILDING AND CONSTRUCTION TRADES COUNCIL
OF SOUTHERN NEW JERSEY, AFL-CIO


EARLE ASPHALT CO.; LUIS SILVERIO; ASSOCIATED BUILDERS
AND CONTRACTORS INC., NEW JERSEY CHAPTER,
                                        Appellants in No. 22-3166

v.

COUNTY OF ATLANTIC; SOUTH JERSEY BUILDING
AND CONSTRUCTION TRADES COUNCIL, AFL-CIO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 1:21-cv-11162; 1:21-cv-18355)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 14, 2023

Before: BIBAS, PORTER, and FISHER, *Circuit Judges*

(Filed: December 18, 2023)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

A policy does not hurt you just because you think it is wrong. Two New Jersey counties did not let contractors win bids unless they recognized a union as the exclusive representative of their employees and hired employees from a union's job-referral system. Earle Asphalt and others sued, claiming that this policy compels them to associate with unions. But because they never alleged that they intended to bid, the policy did not injure them. So they lack standing to challenge it.

Atlantic and Camden Counties invited bids on new public-works projects. But each required the winning contractor to agree to associate (or at least cooperate) with unions. Plaintiffs are a non-union worker, contractor, and association. They allege that this requirement unconstitutionally prevented them from working on these projects. They also allege that similar requirements harmed them on unspecified jobs in the past and might harm them again in the future. The District Court correctly dismissed because plaintiffs had not pleaded an injury.

To stand before an Article III court, a plaintiff must show that the defendant hurt or is about to hurt him in a way that the court's judgment can remedy. *United States v. Texas*, 599 U.S. 670, 676–77 (2023). If bidding would be futile, plaintiffs need not bid to show

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

injury. But they must at least show that they are "able and ready," meaning that they could and would bid but for the counties' ban on non-union bids. *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). When bidding is futile, we will assume that "an injury is imminent" as long as the plaintiff alleges "an intent to bid." *Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 290 (3d Cir. 2023).

Plaintiffs do not allege that, but for the union requirement, they *would* bid. Instead, they say they are *able and ready* to bid. But it is not enough just to mouth those words. *See id.* at 290–91. Whether a party is "able and ready" is a legal conclusion that depends on the facts. *See Carney v. Adams*, 592 U.S. 53, 61–62 (2020). Plaintiffs must plausibly plead that, "but for the [union] restrictions," they "would have … bid on … [the] contracts." *Ne. Fla. Chapter*, 508 U.S. at 659 (internal quotation marks omitted). That would make their past harm concrete. Likewise, an allegation that they would bid on contracts would make their potential future harm imminent.

Yet their complaint falls short of alleging future harm. The most they allege is that Earle Asphalt is "*likely* to bid on the defendants' public-works projects in the reasonably foreseeable future, and it is able and ready to apply for that work." App. 52 (emphasis added). They never plead a settled intent to do so. Rather, they make only "a bare statement of intent … against the context of a record that shows nothing more than an abstract generalized grievance." *Carney*, 592 U.S. at 65. That omission is fatal.

Plaintiffs' claims of past harm are equally weak. Earle Asphalt claims damages because the union requirements "have deterred and prevented Earle from obtaining work from the

3

county defendants." App. 52. But that lone sentence gives us only a third of a story: the who and the why, but not the what, when, where, or how. That is a gauzy gesture, not a concrete past event. It fails to "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Though the District Court properly dismissed for lack of standing, it did so with prejudice. But dismissals for lack of subject-matter jurisdiction should be without prejudice. *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999). So we will vacate and remand to let the District Court do that instead.